# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LISA RANIERI and MEGAN CORNELIUS, Individually and on Behalf of a Class of Similarly Situated Persons | § § § § | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-691-S |
| ADVOCARE INTERNATIONAL, L.P. | § § | |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, SETTLEMENT CLASS CERTIFICATION, AND JUDGMENT

This Order addresses Plaintiff Megan Cornelius's Motion for Final Approval of Class Action Settlement [ECF No. 104].

WHEREAS, Plaintiff Megan Cornelius ("**Plaintiff**" or the "**Class Representative**"), individually and on behalf of all others similarly situated, on the one hand, and Defendant AdvoCare International, L.P. ("**Defendant**"), entered into a Settlement Agreement, dated January 25, 2021;

WHEREAS, on February 3, 2021, this Court entered an Order Scheduling Fairness Hearing, Granting Preliminary Approval of Class Action Settlement, Conditionally Certifying the Settlement Class, and Providing for Notice (the "**Preliminary Approval Order**") [ECF No. 99];

WHEREAS, the Class Representative has filed a Motion for Final Approval of the Class Action Settlement;

WHEREAS, on May 21, 2021, this Court held a Fairness Hearing[1] to consider the following issues, among others:

---

[1] Unless otherwise noted, all capitalized terms have the meaning set forth in the Settlement Agreement [ECF No. 106, Ex. A].

1

(1) Whether to finally certify the Class for settlement purposes;

(2) Whether the terms of the Settlement Agreement are fair, reasonable, and adequate for the settlement of the claims being released by the Class, including all claims alleged in the Second Amended Complaint filed in this Action;

(3) Whether to direct the Parties to consummate the Settlement Agreement pursuant to its terms;

(4) Whether to find that the notice provided the Class Members constituted due, adequate, and sufficient notice of the Settlement Agreement, meeting the requirements of due process and the Federal Rules of Civil Procedure (the "**Rules**");

(5) Whether to direct that the releases set forth in the Settlement Agreement be deemed effective as of the Effective Date;

(6) Whether judgment should be entered dismissing the Second Amended Complaint and on the merits with prejudice, without fees or costs to any party except as the Court may award Class Counsel or the Class Representative from the Settlement Fund, or as the Settlement Administrator may incur in administering the Settlement;

(7) Whether, without affecting the finality of any order granting final approval of the Settlement Agreement and dismissing the Action, retain jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Order, and for any other necessary purpose; and

(8) Incorporate any other provisions into the Final Order And Judgment that the Court deems necessary and just.

WHEREAS, the Court considered all objections to the Settlement Agreement submitted by Class Members;

WHEREAS, the Court considered all argument and evidence submitted by all Class Members objecting to the Settlement Agreement, as well as all materials submitted by the Parties in support of the Settlement Agreement, and the record as a whole.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Court has jurisdiction over the subject matter and parties to this proceeding, including all members of the Settlement Class, pursuant to 28 U.S.C. § 1332(d).

2. Venue is proper in this District.

3. The Court orders that the following Settlement Class is finally certified for

settlement purposes only: All AdvoCare Distributors who paid Annual Fees, purchased a Distributor Kit, and/or purchased products from AdvoCare between March 9, 2013, and May 17, 2016, who lost money from their participation in the AdvoCare scheme, and whose distributorships were suspended without reinstatement or terminated by May 17, 2016. Distributors who made no purchases from AdvoCare after May 17, 2016, and paid no dues after May 17, 2016, will be considered terminated as of May 17, 2016. Distributors are determined to have lost money if the difference between (a) the amount they paid AdvoCare over the course of their full experience with AdvoCare (not just during the Class Period) is greater than (b) the amount AdvoCare paid them plus 65% of the amount they paid AdvoCare for product.

4. For the purposes of approving the Settlement Agreement only and for no other purpose, the Court finds that the Class meets the prerequisites for a class action under Rule 23(a) in that: (a) the Class is so numerous that joinder of all individual Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the Plaintiff are typical of the claims of the Class; and (d) the Plaintiff and her counsel will fairly and adequately represent the interests of the Class.

5. For the purposes of approving the Settlement Agreement only and for no other purpose, the Court also finds that the requirements for Rule 23(b)(3) are met in that common questions of law or fact common to the Class Members predominate over any questions affecting only individual Class Members, and that adjudicating the rights of the Class Members as a class is superior to other available methods for fairly and efficiently adjudicating the controversy. In making this finding, the Court has considered the Class Members' interests in individually controlling the prosecution of their claims against the Defendant; the fact that there appears to be

no litigation concerning the controversy already begun by Class Members, other than this action; that it is desirable to concentrate the litigation of all Class Members' claims before this Court; and the lack of difficulties in managing this Class Action under the procedures set forth in the Settlement.

6. The Court finds that the settlement is the product of serious, informed, non-collusive negotiations conducted at arms' length by the parties and with the initial assistance of a mediator.

7. The Court finds that the terms of the Settlement Agreement are fair, adequate, and reasonable and comply with Rule 23. In making these findings, the Court considered, among other factors, the potential damages claimed in the lawsuit on behalf of the Plaintiff and the Class Members, AdvoCare's potential liability, the risks of continued litigation including trial outcome, delay, and potential appeals, the substantial benefits available to the Class as a result of the settlement, and the fact that the proposed settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further finds that the terms of the settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member.

8. The Court directs the Parties and the Settlement Administrator to consummate the Settlement Agreement according to its terms.

9. The Court finds that the notice that has been provided to the Class, as well as the means by which it was provided, as described in the submissions by Class Counsel describing the notice provided, was done in accordance with the Court's Preliminary Approval Order, constitutes the best notice practicable under the circumstances and is in full compliance with the due process requirements of the United States Constitution and the requirements of Rule 23. The Court further

finds that the notice fully and accurately informed Class Members of all material elements of the lawsuit and proposed class action settlement, of each Class Member's right to be excluded from the settlement, and each Class Member's right and opportunity to object to the proposed class action settlement and be heard at the Fairness Hearing.

10. The Court orders that the releases set forth in Section III of the Settlement Agreement are effective as of the Effective Date.

11. The Court finds that the persons listed on Exhibit A to this Order have timely requested exclusion from the Settlement Agreement. These persons are not Class Members and are not bound by the releases described in Section III of the Settlement Agreement and may receive no awards pursuant to the Settlement Agreement, as described in Sections III.B and XIII.A of the Settlement Agreement.

12. Each of the Parties is to bear its own fees and costs except as expressly provided in the Settlement Agreement or in any order the Court may issue regarding an award of attorneys' fees and expenses to Class Counsel, a service award to the Class Representative, and expenses incurred by the Settlement Administrator.

13. The Court hereby dismisses the Action with prejudice in accordance with the terms of the Settlement Agreement; however, the Court shall retain continuing jurisdiction to interpret, implement, and enforce the settlement and all orders and judgment entered in connection therewith.

14. The Court directs the Clerk of the Court to enter this Order as a judgment.

**SO ORDERED.**

SIGNED May 21, 2021.

KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## Ranieri v AdvoCare Exclusion Requests

| Claim Number | Name | AdvoCare ID |
|---|---|---|
| 1088855 | GAYLE HUBER | 140351964 |
| 1144667 | RICHARD KENNERSON | 0903669 |
| 1229430 | LAUREN PETT | 13061378 |
| 1178332 | CARISA HITCHMAN | 130635110 |